IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

INTERSCOPE RECORDS, SONY BMG MUSIC
ENTERTAINMENT, and UMG RECORDINGS,
INC.,

                 Plaintiffs,

                                                  Civ. Action No.
                                                  3:05-CV-0650 (TJM/DEP)

   vs.

JOHN DOE,

                 Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFFS: | |
| WOLFORD, LECLAIR LAW FIRM<br>16 East Main Street<br>600 Reynolds Arcade Building<br>Rochester, NY 14614 | STEVEN E. COLE, ESQ. |
| FOR DEFENDANT: | |
| [NO APPEARANCE] | |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

     The plaintiffs in this action, which was filed on May 26, 2005, have

sought leave *ex parte* to conduct expedited discovery in advance of a

meeting held pursuant to Rule 26(f) of the Federal Rules of Civil

Procedure, citing exigent circumstances including, *inter alia,* the need to ascertain the identity of the defendant, sued as "John Doe" and the fear that records associated with the defendant's identity may be lost or destroyed if their request for expedited discovery is not granted.[1] The court having considered plaintiffs' *ex parte* application and found good cause to permit the requested expedited discovery, is it hereby

ORDERED, that plaintiffs may serve immediate discovery requests, pursuant to Rule 45 of the Federal Rules of Civil Procedure, upon the State University of New York at Binghamton seeking information sufficient to identify the defendant, including his name, address, telephone number, and e-mail address together with any media access control addresses for that defendant; and it is further

ORDERED, that any information disclosed in response to the discovery requests permitted hereunder may be used by the plaintiffs solely for purposes of protecting their rights under the Copyright Act, Title

---

[1] While in their application plaintiffs have suggested the issuance of an order to show cause affording the State University of New York at Binghamton the opportunity to respond and oppose to the request for expedited discovery, in my view that entity, as a non-party, lacks standing to object to the conducting of discovery prior to a Rule 26(f) meeting in which it would not be participating in any event. Should the State University of New York at Binghamton, after receiving a Rule 45 subpoena, object to its issuance the Federal Rules of Civil Procedure provide adequate mechanisms for the hearing and determination of those objections, either on motion to quash or, after written objections are interposed, upon an application by the plaintiffs for an order compelling compliance with the subpoena. *See* Fed. R. Civ. P. 45.

17 U.S.C. § 101 *et seq.;* and it is further

ORDERED, that the clerk is directed to promptly forward copies of this order to counsel for the plaintiffs electronically.

Dated: May 27, 2005
        Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

3